# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SHIRIN G. FATEH, | |
| Plaintiff, | Case No. 19-1896 T |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## COMPLAINT

The plaintiff Shirin G. Fateh brings this complaint against the defendant United States of America to recover an overpayment of federal income tax for the taxable year 2013, and to require the Internal Revenue Service ("IRS") to abate related penalties and interest. In support of her claim, Ms. Fateh complains and alleges as follows:

1. Shirin Fateh is a nonresident alien residing in London, England.

### JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1346(a). Ms. Fateh demands recovery of an overpayment of federal income tax, and as set forth in paragraphs 3 through 5, below, she has complied with the provisions of the Internal Revenue Code relating to the filing of an administrative claim for refund.

3. On October 15, 2014, Ms. Fateh filed her federal income tax return for the tax year 2013 (the "Return" or the "Claim for Refund") with the IRS. Exhibit 1 (Certified Mail Receipt and Return Receipt); Exhibit 2 (signed Form 1040-NR); Exhibit 3 (Form 1040-NR with all attachments) The Return claimed an overpayment of $182,074, of which $32,400 was requested to be credited to 2014 estimated tax, and $149,674 was requested to be refunded. *Id.*

4. On November 21, 2018, in response to the IRS's request for additional information regarding the Claim for Refund, Ms. Fateh filed an amended claim for refund (the "Amended Claim for Refund"). *See* Exhibit 4 (Amended Claim for Refund).

5. The Claim for Refund (Exhibit 2), as amended by the Amended Claim for Refund (Exhibit 4), is a timely and complete claim for refund. *See* Internal Revenue Code ("Code") section 6511, 26 U.S.C. § 6511. The IRS has not disallowed the Claim for Refund (as originally filed or as amended). This action is therefore timely because more than 6 months have passed since the claim for refund. *See id.* §§ 6532, 7422.

6. On June 20, 2016, the IRS issued a notice alleging that the IRS did not receive the Return. In response, on August 30, 2016, Ms. Fateh refiled the Return (again claiming an overpayment of $182,074). According to an IRS transcript of Ms. Fateh's account for 2013, she filed the original Return only on August 30, 2016. The transcript is incorrect because Ms. Fateh had filed the original Return on October 15, 2014 (and the IRS received the Return on October 22, 2014). Exhibit 1.

7. Even assuming the IRS transcript were correct, and Ms. Fateh filed the original Return only on August 30, 2016, the Return was a timely claim for refund. *See* Rev. Rul. 76-511, 1976-2 C.B. 428 (a late-filed original return claiming an overpayment is a timely claim for refund for purposes of Code section 6511(a), and the refund is not limited by Code section 6511(b)(2)(A) if the return is filed within 3 years (plus the length of any extension of time to file the return) after the original due date of the return); *Omohundro v. U.S.*, 300 F.3d 1065, 1068 (9th Cir. 2002) (every Circuit to have considered the government's position in Rev. Rul. 76-511 agrees with it); *see also*, Code § 6513(b)(3) (any tax withheld at the source under chapter 3 of the Code is deemed paid by the recipient of the income on the original due date of the return). Ms. Fateh's 2013 return was originally due on April 15, 2014, and she obtained an automatic extension of time to file her return until October 15, 2014. Therefore, Ms. Fateh's deadline to claim a refund of the withheld income tax at issue in this case was October 15, 2017. Therefore, even assuming that Ms. Fateh filed the Return (Claim for Refund) only on August 30, 2016, as erroneously alleged by the IRS's transcript, the Claim for Refund was timely.

## R.C.F.C. 9(M) COMPLIANCE

8. In accordance with Rule 9(m)(1) of the Rules of the United States Court of Federal Claims (the "R.C.F.C."), copies of the Claim for Refund and the Amended Claim for Refund are attached hereto as Exhibits 2 and 4.

9. In accordance with R.C.F.C. 9(m)(2), Ms. Fateh states as follows:

(A) Ms. Fateh seeks a refund (and/or credit) for the tax year 2013.

(B) The withholding at source for which Ms. Fateh seeks a refund (and/or credit) was made by UBS Financial Services, Inc. ("UBS"), in the amount of $273,952.84. UBS withheld this amount from dividends paid to Ms. Fateh. The withholding occurred in 2013, but Ms. Fateh does not know the precise date of the withholding.

(C) Ms. Fateh filed her Return for 2013 on October 15, 2014.

(D) Ms. Fateh's full name and address are: Shirin Ghazanfar Fateh; 56 Duchess of Bedford's Walk; Kensington, London W8 7QL, England. Ms. Fateh's taxpayer identification number ("TIN") is XXX-XX-1375.

(E) Ms. Fateh filed the Claim for Refund on October 15, 2014, and the Amended Claim for Refund on November 21, 2018, both with the IRS's Austin Campus in Austin, Texas.

(F) There are no plaintiffs other than Ms. Fateh, the taxpayer.

## STATEMENT OF CLAIM

10. During 2013, UBS withheld $273,952.84 in U.S. income tax from U.S. source dividends paid to Ms. Fateh. Exhibits 5 (UBS Letter of October 11, 2018), 6 (UBS Forms 1042-S with TIN). Ms. Fateh is entitled to a credit against her 2013 federal income tax for this withholding. *See* 26 U.S.C. §§ 33, 1462; Treas. Reg. § 1.1462-1(a).

11. Form 1042-S is an information return used by U.S. withholding agents to report U.S.-source income paid to nonresident aliens and foreign corporations, and to report tax withheld from those payments. The IRS relies on

Form 1042-S to credit the recipient of such a payment for tax withheld at the source.

12. On April 11, 2014, UBS electronically filed 2013 Forms 1042-S with the IRS, stating that UBS had withheld a total of $273,952.84 from dividends paid to Ms. Fateh. *See* Exhibit 5. UBS also furnished a "substitute" Form 1042-S to Ms. Fateh, showing that UBS withheld $273,952.84 on behalf of Ms. Fateh (the "Substitute Form 1042-S"). A "substitute" Form 1042-S is a reporting form issued in a format convenient for the withholding agent, but containing the same information as the IRS's official Form 1042-S. The Substitute Form 1042-S did not include Ms. Fateh's taxpayer identification number ("TIN"). Exhibit 3.

13. On October 15, 2014, Ms. Fateh filed her Return for 2013, and attached a copy of the Substitute Form 1042-S.

14. On June 20, 2016, the IRS issued a notice alleging that the IRS did not receive the Return. In response, on August 30, 2016, Ms. Fateh refiled the Return. On September 28, 2016, the IRS issued a letter indicating that the IRS had not applied any credit for U.S. income tax withheld by UBS. As a result, on January 16, 2017, the IRS erroneously assessed a late filing penalty, a late payment penalty, and interest with respect to Ms. Fateh's 2013 federal income tax. On February 23, 2018, Ms. Fateh resubmitted the Return, with a copy of the Substitute Form 1042-S.

5

15. On June 26, 2018, the IRS issued another letter stating that the Substitute Form 1042-S had not been processed and requesting support (such as Form 1042-S) for the withholding reported on the Return. Ms. Fateh's counsel had extensive discussions with the IRS and the Taxpayer Advocate Service. Ms. Fateh learned that the IRS did not honor the Substitute Form 1042-S because it did not include Ms. Fateh's TIN. *See* Treas. Reg. § 301.6402-3(e) (prior to amendment by T.D. 9658 (2/28/2014)). Accordingly, Ms. Fateh asked UBS to re-issue a 2013 Form 1042-S to include her TIN.

16. On July 23, 2018, UBS furnished to Ms. Fateh 2013 Forms 1042-S that included Ms. Fateh's TIN (the "Forms 1042-S with TIN"). Exhibit 6. The Forms 1042-S with TIN again reported that UBS withheld $273,952.84 from U.S. source dividends paid to Ms. Fateh. *Id*. On October 26, 2018, UBS electronically filed the Forms 1042-S with TIN with the IRS. The following information provided by UBS identifies their submission:

| Filename | Your Filename | Date Received | Count of Payees | File Status |
|---|---|---|---|---|
| AMEN.22879.0005 | 1042TAX-00480 (CORR) 2013 10-26-18 1-20PM.TXT | 10/26/2018 | 1 | Good, Not Released |
| AMEN.22879.0006 | 1042TAX-00481 (CORR NEW) 2013 10-26-18 1-20PM.TXT | 10/26/2018 | 1 | Good, Not Released |

17. On November 21, 2018, Ms. Fateh filed the Amended Claim for Refund. Exhibit 4. The Amended Claim for Refund attached copies of the Forms

6

1042-S with TIN. On March 22, 2019, the IRS issued another letter stating that the IRS declined to apply the credit, because "the information you supplied doesn't match the information we received from Forms 1042-S filed by your withholding agents." *See* Exhibit 7 (March 22, 2019 IRS letter). The IRS's failure to credit Ms. Fateh's 2013 account for withholding by UBS, and to credit the resulting overpayment to 2014 estimated tax, has caused the IRS to erroneously treat Ms. Fateh's tax for subsequent tax years as delinquent, and to threaten collection action.

18. In extensive discussions with the IRS and the Taxpayer Advocate Service to try to resolve this matter, the IRS has never disputed that UBS in fact withheld $273,952.84. The IRS alleges only that the IRS's computer systems have failed to match UBS's withholding to Ms. Fateh's 2013 federal income tax account, and the IRS (allegedly) cannot apply the credit manually. These alleged limitations of the IRS are irrelevant to Ms. Fateh's right to a credit.

WHEREFORE, the plaintiff Shirin Fateh prays for the following relief:

1) Judgment that Ms. Fateh is entitled to a credit against her federal income tax for the tax year 2013 in the amount of $273,952.84, for taxes withheld at the source by UBS;

2) Judgment that Ms. Fateh's federal income tax for the tax year 2013 is overpaid by $182,074, and the IRS shall credit such overpayment to any

outstanding balance of Ms. Fateh's income tax liabilities for the tax years 2014 through 2018, and shall refund the balance with interest;

3) Judgment that the IRS shall abate all penalties and interest assessed against Ms. Fateh with respect to her federal income tax for the 2013 tax year and with respect to subsequent tax years resulting from the IRS's failure to properly apply the 2013 overpayment to such years;

4) Ms. Fateh's costs in the action; and

5) Such other and further relief as the Court determines is just and proper.

                                       */s/ James E. Brown*
                                       James E. Brown
                                       Ivins, Phillips & Barker, Chartered
                                       1717 K St., N.W., Suite 600
                                       Washington, D.C. 20006-5343
                                       Telephone: (202) 393 7600
                                       Fax: (202) 393 7601
                                       jbrown@ipbtax.com